# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| ROBERT B. CAPPS and BRENDA N. CAPPS, | ) ) ) ) | |
| Defendants, | ) ) ) | |
| v. | ) ) | Case No. 2:16-cv-01713-JHE |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; SHELLPOINT MORTGAGE SERVICING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NEW PENN FINANCIAL LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SHELLPOINT PARTNERS LLC; NEW PENN FINANCIAL LLC; JP MORGAN CHASE BANK, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Counter-Defendants. | ) | |

## DECLARATION OF MARKEISHA NOBLE

1.    I am over the age of nineteen (19), of sound mind, and capable of making this declaration. The statements contained within this declaration are true and correct.

1

4826-1963-5056.1

2. I am authorized to sign this declaration on behalf of New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), as an authorized representative of Shellpoint.

3. I make this declaration based on my personal review of the records Shellpoint retains in the ordinary course of business. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge, and (b) kept in the course of Shellpoint's regularly conducted business activities. It is the regular practice of Shellpoint to make such records.

4. I have personally reviewed the records in connection with the subject loan, obtained by Robert and Brenda Capps (the "Capps") and bearing the account number ending in 2920.

5. Shellpoint was the servicer of a promissory note ("Note") executed and delivered by Robert Capps to the original lender, MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife"), in the original principal amount of $245,000.00. A true and correct copy of the Note is attached hereto as Exhibit 1.

6. The Note was secured by a real estate mortgage ("Mortgage") (the Note and Mortgage collectively, the "Loan") executed by Robert and Brenda Capps, encumbering the real property located at 3200 Cahaba Brook Circle, Birmingham, Alabama 35243 (the "Property"). A true and correct copy of the Mortgage is attached hereto as Exhibit 2.

7. The Loan was transferred and assigned from JPMorgan Chase Bank N.A., the assignee of the Loan, to Shellpoint effective July 20, 2015. A true and correct copy of the Assignment is attached hereto as Exhibit 3.

8. Servicing of the Loan was transferred from JPMorgan Chase Bank N.A. to Resurgent Mortgage Servicing ("Resurgent") effective July 17, 2013. A true and correct copy of the Notice of Servicing Transfer is attached hereto as Exhibit 4.

9. Effective March 1, 2014, Resurgent Mortgage Servicing was acquired by Shellpoint and servicing of the Loan was thus transferred to Shellpoint. A true and correct copy of the Notice of Servicing Transfer to Shellpoint is attached hereto as Exhibit 5.

10. The Capps defaulted on their payment obligations under the terms of the Loan on multiple occasions. A true and correct copy of the payment history for the Loan is attached hereto as Exhibit 6.

11. On March 3, 2014, Shellpoint offered the Capps a temporary repayment plan in an attempt to cure the Capps' default. A true and correct copy of the Temporary Payment Plan Letter is attached hereto as Exhibit 7.

12. The Capps failed to make the payments required by the terms of the temporary repayment plan, which was accordingly canceled on September 5, 2014. A true and correct copy of the correspondence confirming the cancelation of the temporary payment plan is attached hereto as Exhibit 8.

13. The Capps made a payment of $6,121.44 on October 13, 2014, which was applied as three regular monthly payments in the amount of $2,040.48. After application of these payments, the Capps' Loan remained in default, due for the September 1, 2014 payment and each subsequent monthly payment.

14. On October 16, 2014, Shellpoint sent a Notice of Default and Intent to Accelerate to the Capps, informing them that the Loan was in default, with $4,540.08 owed to bring the Loan current. A true and correct copy of the Notice of Default is attached hereto as Exhibit 9.

15. On January 30, 2015, Shellpoint sent a Streamlined Modification Solicitation Letter to the Capps, offering them an opportunity to enter into a Trial Period Plan for a modification of the Loan. A true and correct copy of the Streamlined Modification Solicitation Letter is attached hereto as Exhibit 10. Shellpoint received no response from the Capps to this solicitation, and the Capps did not make any payments pursuant to the terms of the Streamlined Modification offer.

16. Due to their continued default on the Loan, on September 18, 2015, Shellpoint sent the Capps a letter informing them of their options for loss mitigation assistance and instructing them on how to apply. A true and correct copy of the loss mitigation correspondence is attached hereto as Exhibit 11.

17. On November 6, 2015, Shellpoint sent a letter to the Capps stating that Shellpoint had reviewed and denied the Capps' for a loan modification, due to their failure to return the requested documents. A true and correct copy of the loss mitigation denial letter is attached hereto as Exhibit 12.

4826-1963-5056.1

18. On January 27, 2016, Shellpoint received via fax an application for loss mitigation assistance and other documents from the Capps. A true and correct copy of the documents received via fax on January 27, 2016 are attached hereto as Exhibit 13. On January 28, 2016, Shellpoint responded to this request for loss mitigation by sending a letter to the Capps informing them that their request had been denied due to the pending foreclosure sale of the property, which was set for February 10, 2016. A true and correct copy of the denial letter is attached hereto as Exhibit 14.

19. On January 5, 2016, Shellpoint, through its attorneys, sent a Notice of Acceleration to the Capps via both certified mail and regular mail. A true and correct copy of the Notice of Acceleration is attached hereto as Exhibit 15.

20. On February 10, 2016, the Mortgage was foreclosed. A true and correct copy of the foreclosure deed is attached hereto as Exhibit 16.

21. At the time of the foreclosure, the Capps' Loan was in default, due for the September 1, 2014 monthly payment and each subsequent monthly payment.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED ON August 15th, 2018.

_____
Markeisha Noble

4

4826-1963-5056.1